UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHELE TILLERY,

                      Plaintiff,

    -against-                                    1:13-CV-1528 (LEK/RFT)

NYC OFFICE OF ALCOHOLISM AND
SUBSTANCE ABUSE SERVICES, *et al.*,

                      Defendants.

## **DECISION and ORDER**

This matter returns to the Court on Defendants Laurie Felter, Steven Mantor, Michael Lawler (together, the "Individual Defendants"), and the New York State Office of Alcoholism and Substance Abuse Services ("OASAS") (collectively, "Defendants") Second Motion to dismiss Plaintiff Michele Tillery's ("Plaintiff") Amended Complaint. Dkt. Nos. 19 ("Amended Complaint"); 37 ("Second Motion"); 37-1 ("Memorandum"). On May 30, 2014, the Court granted Defendants' First Motion to dismiss to the extent it sought to assert Title VII claims against the Individual Defendants and New York State Human Rights Law ("HRL") claims against OASAS, and denied the remainder of the Motion. Dkt. Nos. 14 ("First Motion"); 36 ("May Order"). For the following reasons, Defendants' Motion is denied.

Defendants argue that the Amended Complaint should be dismissed for failure to commence the action within the ninety day statutory filing period after receiving a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"), as required by 42 U.S.C. § 2000e-5(f)(1). Mem. at 1. Plaintiff, however, states that she received the right-to-sue notice from the EEOC on October 1, 2012. Am. Compl. at 4. The right-to-sue notice itself is dated September 27, 2012. Dkt.

No. 1 ("Complaint") at 13. Unless otherwise challenged, "it may be assumed . . . that a notice provided by a governmental agency has been mailed on the date shown on the notice." Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996). Furthermore, absent evidence to the contrary, it is also assumed that a recipient receives a mailed document three days after its mailing date. Id. at 525. Therefore, it is assumed that Plaintiff received the right-to-sue notice on September 30, 2012.

Given that Plaintiff received her right-to-sue notice on September 30, 2012, the 90-day statutory period was set to expire on December 29, 2012. However, December 29, 2012, was a Saturday. When calculating any statutory time period, federal courts must extend the time period so that it does not end on a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a). Therefore, the 90-day statutory period in the present case would have ended on Monday, December 31, 2012.

Plaintiff filed the Complaint on December 29, 2012. Compl. at 1, 4. Although the Public Access to Court Electronic Records ("PACER") system attached a filing date of January 2, 2013 to Plaintiff's Complaint, Id. at 1, the Complaint is clearly stamped as "received" by the U.S. District Court for the Southern District of New York on "2012 Dec 29 P 11:02." Id. The Complaint was deposited in the district court's night depository box, pursuant to the Local Rules for the Southern District. Joint Local Civil Rules United States District Courts for the Southern and Eastern Districts of New York 1.2. According to the Southern District's Local Rules, a document deposited in the night depository box "is considered to have been filed in the District Court as of the date stamped thereon, which shall be deemed presumptively correct." Rodriguez v. City of New York, No. 10 Civ. 1849, 2011 WL 4344057, at *6 (S.D.N.Y. Sept. 7, 2011). Therefore, Plaintiff timely filed her Complaint, and the Second Motion is denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED** that Defendants' Second Motion (Dkt. No. 37) to dismiss is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 08, 2015
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge